# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC et al.,

Defendants.

Case No.: 2:17-cv-01419-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF No 46. For the following reasons, the Court grants this motion.

## II. PROCEDURAL BACKGROUND

U.S. Bank National Association ("U.S. Bank") filed its complaint against Defendants on May 19, 2017.  ECF No. 1. On June 5, 2017, Plaintiff filed an amended complaint. ECF No. 9. On July 24, 2017, SFR Investments Pool 1, LLC ("SFR") answered and asserted cross-claims against Casey A. Freeman and counter-claims against U.S. Bank. ECF No. 20. Freeman was served with  SFR's Answer with cross-claims on October 23, 2017. ECF No. 36. On March 1, 2018, SFR filed a Motion for Entry of Clerk's Default as to Casey A. Freeman and it was entered on March 2, 2018. ECF Nos. 34,35. On November 7, 2018, this Court entered a stipulation of dismissal between SFR and U.S. Bank and  the case remained opened as to SFR's pending cross-claims against Freeman. On May 7, 2020, SFR filed a Motion for Default Judgment against Freeman and there was no opposition filed. ECF Nos. 46,47.

## III. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ.

P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**IV.   DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against Casey A. Freeman is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendant failed to defend—or appear at all in this matter—since being served with the summons and SFR's Answer. Freeman's failure to appear for the past four years prejudices SFR by preventing it from determining injunctive relief against Freeman. Further, Freeman's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Freeman's failure to appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Freeman's. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the Eitel factors favor the grant of default judgment against Cross-Defendant.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Motion for Default Judgment (ECF No. 46) is GRANTED.

**IT IS FURTHER ORDERED** that the County Recorded for Clark County, Nevada is directed to expunge the notices of lis pendens recorded by Plaintiff U.S. Bank National Association and Defendant SFR Investments Pool 1, LLC., on the property located at 1064 Menands Avenue, Las Vegas, Nevada 89123 APN 177-22-811-182

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED: March 31, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**